FILED
U.S. DISTRICT COURT
DIV.
2011 MAY 16 PM 2:40
CLERK R. Ott
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,

    Petitioner,

v.

CIVIL ACTION NO.: CV511-036

REBBECA TAMEZ, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Franklin Williams ("Williams"), who is currently incarcerated at the Federal Correctional Institution in Fort Worth, Texas, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction obtained in the Ware County Superior Court. For the reasons which follow, Williams' petition should be **DISMISSED**.

Williams previously filed a section 2254 petition in this Court attacking this conviction. In that petition, Williams set forth four (4) grounds for relief: 1) the criminal judgment against him is void because the grand jury was not seated properly; 2) the trial court lacked jurisdiction without a proper indictment; 3) he is being falsely imprisoned due to this improper indictment; and 4) the indictment against him was fraudulent. (CV507-101, Doc. No. 2). The undersigned recommended that Williams' petition be dismissed. Williams filed no objections, and the Honorable Lisa Godbey Wood adopted

the undersigned's recommendation as the opinion of the Court by Order dated October 21, 2008. (Id. at Doc. No. 25).

Williams then filed another section 2254 petition, Williams v. Chase, CV509-20, in which he asserted the same grounds for relief as he had in CV507-101. (CV509-20, Doc. Nos. 1, 9). Judge Wood dismissed that petition as being a second or successive § 2254 petition filed without prior authorization from the Eleventh Circuit Court of Appeals. (Id. at Doc. No. 9).

Williams then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In that petition, Williams contended that the Ware County Superior Court granted a permanent injunction against him without having a hearing, and he was denied access to the courts. Williams also contended that he was tried by a jury and sentenced to imprisonment without being indicted properly by a grand jury. Williams asserted that the improper indictment brought by the grand jury caused the trial court to not have jurisdiction over his trial, ineffective assistance of counsel, a lack of evidence, a null and void indictment, his warrantless arrest, and false imprisonment. Williams alleged he is actually innocent of the crime for which he was convicted because he was improperly indicted by the grand jury; without a proper indictment, Williams asserted, he could not be prosecuted. Finally, Plaintiff alleged that his illegal indictment and resulting prosecution have resulted in a miscarriage of justice. The undersigned recommended that Williams' petition be dismissed as a successive § 2254 petition which was filed without prior authorization. Chief Judge Wood adopted the undersigned's recommendation as the opinion of the Court, over Plaintiff's objections. (CV510-110,

AO 72A
(Rev. 8/82)

Doc. Nos. 21, 26). Williams has filed a Motion for Reconsideration in that case, which is currently pending before Chief Judge Wood.

In this petition, Williams contends that the grand jury was not seated at the time of his indictment. Because the grand jury was not seated, Williams asserts, he was not indicted, which has resulted in a miscarriage of justice. Williams alleges that he is actually innocent of the underlying charged offenses. Williams also alleges that the trial court did not have jurisdiction over his criminal proceedings.

## DISCUSSION AND CITATION OF AUTHORITY

"A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus." Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Two different statutes govern the single post-conviction remedy of the writ of habeas corpus, 28 U.S.C. §§ 2241 and 2254. "The difference between the statutes lies in the breadth of the situations to which they apply." Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004) (quoting Medberry, 351 F.3d at 1059). A writ of habeas corpus may issue to a prisoner pursuant to section 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 "applies to a subset of those to whom" section 2241(c)(3) applies. Thomas, 371 F.3d at 786. This section applies to "'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or law or treaties of the United States." Id. (quoting section 2254(a)) (emphasis in original). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). "A state prisoner cannot evade the procedural

3

requirements of § 2254 by filing something purporting to be a § 2241 petition." Thomas, 371 F.3d at 787.

Pursuant to Rule 4 of the Rules governing petitions brought under 28 U.S.C. § 2254:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis supplied). This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330-31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless*-
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

4

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(emphases added).

In the case *sub judice*, Williams has failed to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his second or successive petition.[1] While it would ordinarily be permissible for this Court to transfer his petition to the Court of Appeals, it is not in this case. Williams' petition is barred under the gatekeeping provision of section 2244(b)(3)(A). Any claims for relief in this action which Williams previously set forth in his prior applications, of which there are several, would be dismissed. 28 U.S.C. § 2244(b)(1).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this ___ day of May, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] A dismissal with prejudice of a prior petition makes any subsequent petition second or successive. Guenther, 173 F.3d at 1329. Williams' petition filed with the Middle District of Georgia on December 17, 2007, and transferred to this Court on December 19, 2007, was dismissed with prejudice. (CV507-101, Doc. Nos. 21, 25, and 26).

AO 72A
(Rev. 8/82)

5